# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-CR-30022 |
| ) | |
| ARTURO RAMIREZ, JR., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court on Defendant Arturo Ramirez, Jr.'s personal Motion to Withdraw Guilty Plea and Request for Suppression Re-Hearing (Motion) (d/e 88). In the Motion, the Defendant acting *pro se* seeks to withdraw the guilty plea he entered on April 17, 2009. The Defendant also requests another hearing on his Omnibus Pretrial Motions (d/e 59) that the Court denied on March 23, 2009. The Motion is fully briefed, and pursuant to 28 U.S.C. § 686 (b)(1)(B), the District Judge has referred this matter to this Judge for a Report and Recommendation. See Text Order of Sept. 22, 2009. After carefully considering all of the submissions of the parties, I recommend that the Motion be denied without hearing.

## BACKGROUND

Defendant Arturo Ramirez, Jr. is charged in a one-count Indictment (d/e 7) with knowingly and intentionally possessing with intent to distribute 5 or more kilograms of a mixture or substance containing cocaine, and 100 or more kilograms of a mixture or substance containing marijuana. Illinois State Police arrested Ramirez on February 12, 2007, after a traffic stop and consent search of Ramirez's tractor-trailer revealed that he was transporting 1260 pounds of marijuana and 19 kilograms of cocaine.

On February 14, 2007, Ramirez appeared before the Court for the first time, and the Court appointed Douglas Beevers of the Federal Defender's Office to represent Ramirez. About a month after the Defendant's arraignment, Karl Bryning, also an assistant federal defender, took over as Defendant's counsel. On July 20, 2007, assistant federal defender Robert Alvarado assumed the Defendant's representation. Between that time and March 10, 2008, the Defendant filed ten *pro se* letters with the Court. See Letters from Arturo Ramirez (d/e 17, 18, 20, 21, 22, 23, 25, 27, 29, 30). Alvarado filed a Motion to Withdraw, which the Court denied. Over the course of the next two months, the Defendant filed three more *pro se* letters, and on May 16, 2008, the Court released the Federal Public Defender from representing Ramirez. See Letters from Arturo Ramirez (d/e 34, 36, 37).

The Court then appointed attorney Jon Gray Noll to represent the Defendant. Attorney Mark Wykoff later entered an appearance as co-counsel on Ramirez's behalf. Ramirez, through counsel, filed his Omnibus Pretrial Motions (d/e 59) on November 13, 2008, seeking to suppress evidence, an evidentiary hearing, and dismissal of the charges against him. Ramirez argued that the Government had intentionally destroyed evidence, fabricated evidence, and that the arresting officers lied about the circumstances surrounding his arrest. The Court referred the pre-trial motions to the undersigned who, after a hearing, issued a Report and Recommendation (R & R) on February 2, 2009, recommending that the Defendant's motions be denied. See R & R (d/e 75). Ramirez objected to the R & R, but on March 3, 2009, United States District Judge Jeanne E. Scott overruled the objections, and adopted the R & R, denying Defendant's motions. Opinion of Mar. 23, 2009 (d/e 81).

On April 16, 2009, the Defendant informed the Court that he wished to change his plea. Text Order of Apr. 16, 2009. The matter was referred. On April 17, 2009, this Court held a change of plea hearing.[1] The Court

---

[1] At that point in the proceedings, Ramirez had been represented by 5 different attorneys, and had filed with the Court: 15 *pro se* letters (despite being represented by counsel at all times); 2 motions to suppress; and 10 motions to continue.

found the Defendant competent to enter a plea of guilty, and asked the Defendant and his counsel a series of questions:[2]

> The Court: Mr. Ramirez, you understand that this is, quote a regular plea of guilty. It's not a conditional plea of guilty. And if you plead guilty, you will waive or give up any right to appeal any of the issues concerning the motion to suppress that was ruled upon by me and Judge Scott in this case. Understood?
>
> Mr. Ramirez: I do, yes.
>
> . . . .
>
> The Court: . . . . Mr. Ramirez, have you had enough time to discuss your case with your attorney?
>
> Mr. Ramirez: Yes.
>
> The Court: Are you satisfied with your lawyer's efforts on your behalf?
>
> Mr. Ramirez: Yes, sir.
>
> . . . .
>
> The Court: Do you understand you have an absolute right to maintain your current plea of not guilty and have a jury trial? Do you understand that?
>
> Mr. Ramirez: Yes, sir.
>
> The Court: When I say "no one," I mean no one can force you to plead guilty. I can't; I won't. Your lawyer can't; the prosecutor can't; the case agent can't. No one can. Understood?
> Mr. Ramirez: Yes. Yes, I do understand.

---

[2] Interpreter Annlia Sarno-Riggle was present at the hearing to assist the Defendant, whose first language is Spanish.

The Court: On the other hand, if you wish to plead guilty and if you give up your rights on the record, I'll allow you to plead guilty. Understood?

Mr. Ramirez: Yes, I do plead guilty.

The Court: Well, it's a little bit more longer than that so bear with me. If you plead guilty, you waive your right to a jury trial. Do you know what a jury trial is?

Mr. Ramirez: Yes. Yes, I do.

. . . .

The Court: Also, if you plead guilty, you'll have to waive your right not to incriminate yourself, not to make admissions here under oath about what you did to commit Count I. I don't allow any defendant in my court to plead guilty unless they admit the facts that make up the crime. Understood, Mr. Ramirez?

Mr. Ramirez: Yes.

. . . .

The Court: Mr. Noll, have you received a copy of the indictment and reviewed same with your client?

Mr. Noll: Yes, sir, I have.

The Court: Reviewed with your client the government's evidence against him?

Mr. Noll: Yes, sir, we have.

The Court: Reviewed with your client the various defenses that he may have?

Mr. Noll: Yes, sir.

> The Court: Reviewed with your client the fact that if he pleads guilty he waives any right to challenge any ruling on the motion to suppress?
>
> Mr. Noll: I have discussed that with him also, Judge.
>
> The Court: Reviewed with your client the applicable U.S. sentencing guidelines?
>
> Mr. Noll: Yes, we have.
>
> The Court: Reviewed with your client the plea agreement and the attached cooperation agreement?
>
> Mr. Noll: Yes, sir, we have. In that particular instance, Maria Velasco helped us in terms of the translation. We met yesterday, and we went over it again today with the U.S. attorney and the case agent.
>
> The Court: Thank you. Mr Ramirez, have you, in fact, discussed with Mr. Noll the items that he and I just spoke about?
>
> Mr. Ramirez: Yes. Yes.

Transcript of Proceedings of Apr. 17, 2009 (Transcript) (d/e 89), 3:17-24; 7:21-9:8; 12:5-12; 12:25-14:5.

At the hearing, the Defendant admitted to transporting 1260 pounds of marijuana and 19 kilograms of cocaine on February 12, 2007. Transcript, 25:24-26:8. He further admitted that he consented to the Illinois State Police's search of his tractor-trailer. Transcript, 26:9-11. He agreed that he was pleading guilty because he was guilty, and that he was doing so of his own free will. Transcript, 27:7-12. The Court entered an R & R

recommending that the Defendant's guilty plea be accepted. R & R (d/e 85). Judge Scott accepted and adopted the R & R on May 6, 2009. Text Order of May 6, 2009.

The Defendant has now filed this *pro se* Motion, seeking to withdraw his guilty plea, and requesting a re-hearing on his previously denied suppression motion. Ramirez has two attorneys of record at this point, and this proceeding has been underway for nearly three years.

## ANALYSIS AND CONCLUSIONS OF LAW

The Court notes at the outset that Ramirez lodges several unsubstantiated complaints against his current counsel, but does not request the Court to appoint a new attorney. Instead, he has elected to file materials *pro se* with the Court. This is improper.

The U.S. Constitution affords a criminal defendant the right to represent himself. See U.S. CONST. amend VI; Faretta v. California, 422 U.S. 806, 819 (1975) (holding that the Sixth Amendment "grants to the accused personally the right to make his defense"). However, this constitutional guarantee does not encompass "an affirmative right to submit a pro se brief when represented by counsel." United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998). While the court has discretion to allow a represented defendant to file materials *pro se*, this type of "hybrid representation" is frowned upon. United States v.

Patterson, 576 F.3d 431, 436-37 (7th Cir. 2009); United States v. Chavin, 316 F.3d 666, 671 (7th Cir. 2002); United States v. Kosmel, 272 F.3d 501, 506 (7th Cir. 2001).

It is recommended that the Court reject and deny Ramirez's *pro se* submission. He has two attorneys representing him, and the Seventh Circuit has made it abundantly clear that this sort of hybrid representation is disfavored. If Defendant is dissatisfied with his attorneys' performance, he should file a motion for substitution of counsel. See Patterson, 576 F.3d at 437. He should not inundate the Court with *pro se* filings as he has done throughout this proceeding.

The Defendant's Motion is therefore improper. An evidentiary hearing on the matter is not necessary. In the alternative, assuming the Motion was properly before the Court, the undersigned would recommend that it be denied on the merits, for the reasons set forth below.

I. WITHDRAWAL OF GUILTY PLEA

Ramirez urges that he should be allowed to withdraw his guilty plea because: (1) the prosecutor did not sign the Plea Agreement in the Defendant's presence; and (2) he received ineffective assistance of counsel because: (a) his attorney did not request sanctions against the Government for destroying evidence; (b) his attorney did not submit a weather report at the evidentiary hearing on the pretrial motions; (c) his

attorney did not impeach the Defendant's video expert at the evidentiary hearing; and (d) attorney Mark Wykoff was added to the case the day before the suppression hearing despite Defendant's objections.

Entering a plea of guilty is serious, a "grave and solemn act." United States v. Loutos, 383 F.3d 615, 619 (7th Cir. 2004) (quoting United States v. Ellison, 798 F.2d 1102, 1006 (7th Cir. 1986)); see United States v. Hyde, 520 U.S. 670, 677 (1997) (noting that pleading guilty is not "something akin to a move in a game of chess" ).  It is not

> some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard.  A defendant has no legal entitlement to benefit by contradicting himself under oath.  Thus when the judge credits the defendant's statements in open court, the game is over.

United States v. Stewart, 198 F.3d 984, 987 (7th Cir. 1999).  Allowing the wholesale withdrawal of guilty pleas undermines public confidence in the justice system and imposes time, money, and resource costs on the "orderly administration of justice."  See United States v. Timmreck, 441 U.S. 780, 784 (1979) (quoting United States v. Smith, 440 F.2d 521, 528 (7th Cir. 1971) (Stevens, J., dissenting)).

Nonetheless, a defendant may withdraw a guilty plea after the court accepts the plea but before it imposes a sentence if he can demonstrate "a fair and just reason for requesting the withdrawal."  FED. R. CRIM. P. 11(d)(2)(B).  The defendant bears the burden of showing a fair and just

reason.  Loutos, 383 F.3d at 618; United States v. Carroll, 412 F.3d 787, 792 (7th Cir. 2005).  This is an exacting standard, as statements made under oath at the plea colloquy are presumptively true.  Patterson, 576 F.3d at 437.  A guilty plea must be voluntary, and ineffective assistance of counsel both makes a guilty plea involuntary, and typically provides a basis for withdrawing that plea.  Carroll, 412 F.3d at 793; United State v. Wallace, 276 F.3d 360, 366 (7th Cir. 2002).

To prove ineffective assistance of counsel, a defendant must show: (1) that his attorney's representation was objectively deficient; and (2) that the deficient representation caused him prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To establish deficient representation, he must prove that his attorney committed errors so serious that his performance could not be considered reasonable under prevailing professional norms.  Id. at 688.  The presumption is that "an attorney's conduct is reasonably proficient."  Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).  To prove prejudice, a defendant must show a reasonable probability that but for his attorney's errors, he would not have pleaded guilty.  Carroll, 412 F.3d at 793.

The Court summarily dismisses Ramirez's initial contention regarding the Government's failure to sign the Plea Agreement because it has no basis in fact.  While the prosecutor may not have signed the Plea

Agreement in Ramirez's presence, a fully executed copy of the Agreement was filed with the Court effective April 17, 2009.  See Plea Agreement (d/e 83).  Nothing more was required.

Ramirez next argues that his attorney should have requested sanctions against the Government for destruction of evidence.  But the Court has already found that there were no facts showing that any evidence was, in fact, destroyed.  See R & R (d/e 75), 31-32; Opinion of Mar. 23, 2009 (d/e 81).  Ramirez goes on to make the same arguments regarding destruction of evidence that he made in the Omnibus Pretrial Motions, but presents no new evidence to support his contentions.  What is clear is that he was not denied effective assistance of counsel on this issue.

Defendant's next argument likewise lacks merit.  He contends that his lawyer failed to introduce a certified weather report that would allegedly demonstrate that the Government's video recording of the search of Ramirez's tractor-trailer was fabricated.  Again, the Court found no evidence of fabrication, and further found that Ramirez's account of events was not credible and "beyond belief."  See R & R (d/e 75), 32;  Opinion of Mar. 23, 2009 (d/e 81), 9.   The undersigned surmises that his counsel exercised professional judgment and decided to present evidence other than the weather report at the suppression hearing; such a decision was

not objectively unreasonable.  Furthermore, Ramirez suffered no prejudice because other evidence overwhelmingly showed that his contentions were baseless.

Ramirez's fourth argument is that his attorney should have impeached the Defendant's own expert witness.  Ramirez alleges that the expert lied on the stand by: (1) concluding that there was only a three-second gap in the video recording footage of the events surrounding his arrest; and (2) finding that the video was not a forgery.  Ramirez provides only bare, unsubstantiated allegations contesting these findings.  He presents the Court with no proof showing that his expert was lying, or that his attorney had reason to suspect that the expert was lying.  Accordingly, the Court would reject this contention as well.

Finally, Ramirez complains that attorney Mark Wykoff should not have been allowed to enter the case on Ramirez's behalf the day before the suppression hearing.  As the Government points out, "an indigent has no absolute right to counsel of his choice."  United States v. Davis, 604 F.2d 474, 478 (7th Cir. 1979).  There was nothing unreasonable about allowing Wykoff to assist Defendant's other attorney at the hearing.  Attorney Noll remained as lead counsel, and the Defendant has presented no evidence showing that he was prejudiced by allowing Wykoff to assist.

In sum, Ramirez fails to present the Court with any evidence or logical argument indicating that it would be fair and just for him to withdraw his guilty plea.  He provides no evidence to support his contention that he was denied effective assistance of counsel.  At his plea hearing, Ramirez advised this Court repeatedly under oath that he understood the rights he was giving up by pleading guilty.  When the Court directly asked Ramirez whether he was satisfied with his counsel's performance, he replied, "Yes, sir." <u>Transcript</u>, 8:1.  He admitted that he was guilty of the offense outlined in the Indictment.  He testified that his plea was free and voluntary.  Ramirez's sworn statements during the plea colloquy were not "mere trifles," but presumptively true acknowledgments of the rights being relinquished, and a solemn admission of guilt.  For all of these reasons, it would be recommended that this Motion be denied.

II.     RE-HEARING ON SUPPRESSION MOTION

Ramirez next urges the Court to set another hearing on his suppression motion, but presents not a scintilla of evidence that would entitle him a re-hearing.  His Motion simply rehashes arguments this Court has already entertained and rejected.  Because he has provided the Court with no basis for holding another hearing on his suppression motion, it is recommended that this aspect of his Motion be denied.

## CONCLUSION

For all the above reasons, it is recommended that the Defendant's Motion to Withdraw Guilty Plea and Request for Suppression Re-Hearing (d/e 88) be DENIED without hearing.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within ten working days after being served.  See 28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986); Local Rule 72.2.


ENTER:    October 13, 2009

                                        *s/ Byron G. Cudmore*
                                    _____
                                        BYRON G. CUDMORE
                               UNITED STATES MAGISTRATE JUDGE