IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ARTURO RAMIREZ, JR.,** )<br>)<br>**Defendant.** ) | Case No. 07-cr-30022 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Arturo Ramirez, Jr.'s pro se motion (d/e 124) and amended motion for compassionate release (d/e 126) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motions are DENIED.

### I. BACKGROUND

On April 17, 2009, Defendant Arturo Ramirez, Jr. pled guilty to the Indictment for possessing 5 kilograms or more of a mixture or substance containing cocaine and 100 kilograms or more of a mixture or substance containing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  On November 16, 2009, Defendant was

sentenced to 300 months of imprisonment and a 10-year term of supervised release.

On July 30, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See d/e 124.  On August 3, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed.  See d/e 126.  Defendant seeks compassionate release due to the COVID-19 pandemic.

On August 6, 2020, the Government filed a response opposing Defendant's motion.  See d/e 128.  The Government argues that the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) should not be waived in this case.  When addressing the merits, the Government argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction in his sentence and the factors set forth in 18 U.S.C. § 3553(a) do not warrant release.

On August 14, 2020, a hearing was held on Defendant's motion where the Court heard from Defendant and counsel.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic. That does not mean the Court will waive the exhaustion requirements in all cases. The decision must be made on a case-by-case basis.

In this case, Defendant did not submit a request to the warden prior to filing his motion. See d/e 126, p. 2. At the time of the hearing, Defendant still had not submitted a request to the warden, and USP Lee had not received a request from Defendant. The Court finds that Defendant has not made a credible claim of serious and

imminent harm. Therefore, the Court does not waive the exhaustion or 30-day requirement found in 18 U.S.C. § 3582(c)(1)(A).

Regardless, the Court still considers the merits of Defendant's motion. Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison. However, the COVID-19 pandemic alone does not constitute "extraordinary and compelling reasons" warranting a reduction in his term of imprisonment.

Defendant is a 49-year-old Hispanic male who is overweight and claims to have high blood pressure. See d/e 68, 70. Defendant's medical records do not show that Defendant has been

diagnosed as clinically obese or hypertension nor do the records present any other comorbidities that would increase the risks associated with COVID-19.  <u>See</u> d/e 129.  Defendant has not presented any other evidence that he faces an increased risk of severe illness or death from COVID-19.  <u>See</u> People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed August 14, 2020).

FCI Ottsville has a limited number of COVID-19 cases at the facility.  <u>See</u> COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed August 14, 2020)(explaining that 1 staff member and no inmates currently have COVID-19).  The facility has made strides to control the disease at the facility as they have had 28 inmates and 14 staff members recover from COVID-19.  Of the 510 inmates at the FCI and FDC, 362 inmates have been tested.  <u>See</u> COVID-19 Inmate Test Information, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed August 14, 2020); FCI Otisville, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/otv/ (last accessed

August 14, 2020).

The COVID-19 pandemic does not warrant the release of every federal prisoner with medical concerns. While the Court is sympathetic to Defendant's medical conditions, he has not shown that he would be at a higher risk at his facility than he would be if released.

The Court considers that Defendant Ramirez is currently serving a 300-month term of imprisonment possessing 5 kilograms or more of a mixture or substance containing cocaine and 100 kilograms or more of a mixture or substance containing marijuana. Defendant is not projected to be released until July 25, 2028, with eight years remaining on his term of imprisonment. Since being incarcerated during this term of imprisonment, Defendant has committed four disciplinary infractions. See d/e 129. His most recent violation was in January 2018 for fighting. Id. The Court finds, after reconsideration of the factors in § 3553(a), that Defendant is not entitled to compassionate release.

Additionally, Defendant's release plan has led to conflicting information as to with who he will live and where. Without clear release plan, the U.S. Probation Office cannot make a

recommendation and Defendant cannot safely be released into the community.

The Court, taking all the relevant facts into account, finds that Defendant has not established the existence of extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Ramirez's pro se motion for compassionate release (d/e 124) and amended motion for compassionate release (d/e 126) are DENIED.  This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.  The Clerk is DIRECTED to send a copy of this Opinion to FCI Otisville.

ENTER:  August 14, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE